UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Ray Carter, # 246054, | ) C/A No. 8:10-525-HMH-BHH |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden John Pate, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court by Petitioner, a state prison inmate at Allendale Correctional Institution, who is proceeding *pro se.* Petitioner is serving a thirty-year sentence for possession with intent to distribute crack cocaine after having been convicted in York County, South Carolina on December 10, 1997. Petitioner challenges the validity of two prior state convictions entered in York County on guilty pleas, one on September 2, 1993 and the other on February 3, 1997. Petitioner claims that these prior convictions were used to unlawfully enhance the sentence that he is presently serving.

*Pro Se* Habeas Review

Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Antiterrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v.*

1

*Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## Background

According to the Petition's allegations, Petitioner pled guilty, in September 1993, to simple possession of cocaine and was sentenced to one year, with credit for the time that he had already served pursuant to a revocation of a previous probationary sentence. Petitioner also pled guilty, in February 1997, to distribution of cocaine and received a two-year sentence, again being given credit for the time that he had already served in prison.

2

Petitioner alleges that he did not file a direct appeal of either of these convictions, but unsuccessfully sought belated appeals and post-conviction relief (PCR) through state actions, the most recent of which was dismissed in 2006. Petitioner alleges that the state appeals courts recently affirmed that dismissal on September 17, 2009.

## Discussion

The threshold issue in this case is whether Petitioner was "in custody" pursuant to the convictions that he seeks to challenge herein at the time that he filed the instant petition. If Petitioner was not in custody pursuant to the September 1993 and February 1997 convictions, then the Petition must be dismissed, because this Court is without subject matter jurisdiction. The Petition and attachments filed by Petitioner clearly establish that Petitioner is not currently – and was not at the time he filed his Petition – serving a sentence pursuant to either of the two state convictions that he now alleges were unconstitutionally obtained. Therefore, because Petitioner does not meet the "in custody" requirement of 28 U.S.C. § 2254, this Court is without jurisdiction to consider his Petition.

28 U.S.C. § 2254 requires "a person in custody pursuant to the judgment of a State court [to demonstrate]…that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted the statutory language as "requiring the habeas petitioner to be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed. *Maleng*, 490 U.S. at 491. "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to

3

render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 490, 492; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403 (2001); *Stroman v. S.C.A.G. McMaster*, No. 0:08-3402-PMD-PJG, 2009 U.S. Dist. LEXIS 83827, *15 (D.S.C. Aug.17, 2009) (adopted by *Stroman v. McMaster*, No. 0:08-3402-PMD-PJG, 2009 U.S. Dist. LEXIS 83793 (D.S.C. Sept. 14, 2009)); *Cannon v. S.C. Dep't. Of Corr.*, No. 8:07-3984-CMC-BHH, 2008 U.S. Dist. LEXIS 83334, *5 (D.S.C. Oct. 7, 2008) ("once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."); *see also Lee v. West Virginia*, 30 Fed. Appx. 285 (4th Cir. 2002) (generally speaking, a prisoner may not "collaterally attack an expired conviction that has been used to enhance a sentence for which the prisoner is presently in custody.")(*citing Daniels v. United States*, 532 U.S. 374, 382 (2001); *Lackawanna*, 532 U.S. at 403-04).

There is a narrow exception to the general rule that once a sentence imposed for a conviction has completely expired, the conviction is regarded as conclusively valid and cannot be challenged by a federal petition for writ of habeas corpus. *Lackawanna* (applicable to petitions challenging state convictions, filed under 28 U.S.C. § 2254) and *Daniels* (applicable to petitions challenging federal convictions, filed under 28 U.S.C. § 2255) specifically "recognize an exception to the general rule for petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained *where there was a failure to appoint counsel* in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)."

4

*Lackawanna*, 532 U.S. at 404 (emphasis added). In *Lackawanna*, the Supreme Court noted that "[t]he special status of *Gideon* claims in this context is well established in our case law. *See, e.g*. *Custis v. United States*, 511 U.S. 485 (1994)." *Id*. *Custis* held that an accused may not challenge an enhanced sentence by collaterally attacking state convictions on the basis of allegedly having received in those cases ineffective assistance of counsel, in violation of the Federal Constitution's Sixth Amendment. In *Custis*, the Supreme Court held that, *except for convictions obtained where there has been a complete denial of the right to counsel,* 18 U.S.C. § 924(e) does not permit the accused to use the federal sentencing forum to gain review of the accused's state convictions. *See Custis*, 511 U.S. at 496 ("Custis invites us to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon*. We decline to do so.")

Petitioner's own allegations and attachments show that he does not fit *Lackawanna's* narrow exception for challenges to state court convictions with expired sentences based on the denial of appointment of counsel. Petitioner's sentencing documents clearly show that he was appointed counsel. (Pet. 44, 49). He also alleges that he was represented "at trial: [by] Chris Barton at plea in 1993 - David Benson at plea in 1997." (Pet. 13). Petitioner's sentencing documents also clearly show that he was sentenced in 1993 to "one year suspended to time served," and in February 1997 to "two years with credit for two years already served." (Pet. 44, 49). Although Petitioner asserts that, in 1993, "Counsel Chris Barton was asked to stand with me to accept plea. He knew nothing about the case," (Pet. 6) this does not support application of the narrow

*Lackawanna* exception to this case. While Petitioner's allegations must be accepted as true, his Petition does not allege that there was a complete denial of his right to counsel in connection with either conviction, as is required under the exception in *Lackawanna*. At most, such statements assert ineffective assistance of counsel, but they do not show that he pled without counsel at all. He clearly states that he had appointed counsel during the 1997 plea proceeding as his complaints about that plea center on lack of new indictment or preliminary hearing. Therefore, it is clear from the face of the Petition that, effective on the dates on which he was sentenced in September 1993 and February 1997, Petitioner was represented by counsel. It is also clear from the face of the Petition that, effective on the dates on which he pled guilty and was sentenced, Petitioner was no longer "in custody" on either of these convictions, even though both of the convictions were later used, on December 10, 1997, to enhance the sentence that he is currently serving for his subsequent drug conviction. Thus, Petitioner is barred from attacking these two expired state court convictions and sentences.

Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice* and without issuance and service of process upon Respondent. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without

6

merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

                                                                                s/Bruce Howe Hendricks
United States Magistrate Judge

March 30, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).