IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Charles Ray Carter, #246054, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 8:10-525-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden John Pate, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce Howe Hendricks made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Charles Ray Carter ("Carter") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Carter also submits a "motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2)." In her Report and Recommendation, Magistrate Judge Hendricks recommends summarily dismissing Carter's § 2254 petition without prejudice and without issuance and service of process.

I. FACTUAL AND PROCEDURAL BACKGROUND

Carter is currently incarcerated at Allendale Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. Carter is currently serving a thirty-year sentence for a December 1997 possession of crack cocaine conviction. In the instant § 2254 petition,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

however, Carter challenges two "prior convictions, a simple possession of cocaine [conviction] in 1993 [("1993 conviction")] and distribution [of cocaine conviction] in 1994 that was reversed and remanded that resulted in [Carter] subsequently entering a guilty plea in Feb[uary] [19]97 [("1997 conviction")] that were both merged and challenged in the same [Post-Conviction Relief ("PCR")] Application." (Carter § 2254 Pet. Attach. 2 (Letter).) According to Carter's § 2254 petition, he was sentenced to one year with credit for time served for the 1993 conviction and two years with credit for time served for the 1997 conviction. (Id. at 1.) Accordingly, Carter is no longer incarcerated for the 1993 or 1997 convictions.

Carter filed the instant § 2254 petition on March 3, 2010,[2] alleging denial of counsel, denial of a preliminary hearing, ineffective assistance of counsel, lack of subject matter jurisdiction, denial of right of appeal, and actual innocence. (Id., generally.) In his § 2254 petition, Carter requests that the court vacate his 1993 and 1997 convictions. (Id. at 15.) The magistrate judge recommends summarily dismissing Carter's § 2254 petition. Carter filed objections on April 14, 2010.

## II. Discussion of the Law

### A. Report and Recommendation

The magistrate judge recommends summarily dismissing Carter's § 2254 petition for lack of subject matter jurisdiction. (Report and Recommendation 6.) "[A] petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit." Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996); see also Higgins v. Steele, 195 F.2d 366, 369 (8th Cir. 1952) ("The federal courts should . . . do all that reasonably

---

[2] Houston v. Lack, 487 U.S. 266 (1988).

and lawfully may be done to dispose of petitions for habeas corpus, . . . which are patently frivolous or obviously without merit, as expeditiously and with as little trouble and expense to the respondents as possible.").

### B. Objections

Carter filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Carter's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Carter alleges that the magistrate judge erred by (1) not considering his 1993 conviction as an uncounseled conviction and (2) failing to address his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Objections, generally.)

The magistrate judge concluded that Carter does not meet the "in custody" requirement of 28 U.S.C. § 2254. (Report and Recommendation 3.) Carter alleges, however, that the 1993 and 1997 convictions were improperly used to enhance the sentence he is currently serving and thus he suffers direct consequences from the 1993 and 1997 convictions. (Objections 1.) Specifically, Carter alleges that he is

> serving a 30-year sentence for being found with 1.6 grams of crack in [his] shirt pocket. This sentence is being enhanced by a 1997 conviction for distribution, that [I] contend is invalid because the court was without jurisdiction to accept [my] plea . . . . Secondly, [my] present sentence is being enhanced by a 1993 conviction of simple possession of cocaine which could not be used to enhance a subsequent conviction because the actual arrest occurred in 1990 and the offense was a misdemeanor that could not be used to enhance a subsequent conviction in addition to being obtained without counsel which was a shot gunned forced plea.

(Id. 1-2.) A state prisoner may file "an application for a writ of habeas corpus [if he is] *in custody pursuant to the judgment of a State court*." 28 U.S.C. § 2254(b)(1) (emphasis added). "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States." Maleng v. Cook, 490 U.S. 488, 490 (1989) (internal quotation marks omitted).

The United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack at the time his petition is filed*." Id. at 490-91 (emphasis added). Moreover, the Maleng Court held that

> a habeas petitioner [does not] remain[] "in custody" under a conviction after the sentence imposed for it has fully expired, *merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted*. . . . While we have very liberally construed the "in custody" requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction. Since almost all States have habitual offender statutes, and many States provide . . . for specific enhancement of subsequent sentences on the basis of prior convictions, a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas.

4

Id. at 492 (emphasis added). Similarly, in Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403-04 (2001) (internal citation omitted) (emphasis added), the United States Supreme Court held that

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.*

There is, however, a narrow exception to this general rule for "§ 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." Id. at 404. In the instant case, Carter alleges that he did not have counsel during his plea hearing for the 1993 conviction. (Objections, generally.) However, Carter's own admissions refute this assertion. Carter alleges that

> when [he] got to the court house solicitor Kevin Bracke II told him that if he would plead guilty [to the 1993 conviction] he could have time served and not go back to jail, which at that time the offense carried no jail time. [I] agreed to do so. At that time [I] was taken in front of the court. The judge stated that he could not accept the plea without counsel. At that time solicitor Kevin Bracke II asked attorney Chris Barton to stand with [me] to except [sic] the plea . . . . [T]he plea was entered and sentence was imposed. . . . . This is a denial of counsel [and] even if Mr. Barton provided any representation it was deficient to meet the TWO prongs of ineffective assistance of counsel required by Strickland v. Washington."

(Id. at 4.) Accordingly, Carter's 1993 conviction was not obtained in violation of the Sixth Amendment for failure to appoint counsel. Carter's sentences for the 1993 and 1997 convictions have expired. He is currently incarcerated for an unrelated conviction and sentence.

Consequently, Carter is not "in custody" for the 1993 or 1997 convictions and therefore cannot challenge those convictions pursuant to § 2254. Accordingly, Carter's objection is without merit and his petition should be summarily dismissed for lack of jurisdiction.

Carter also objects to the magistrate judge's failure to address his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Objections 5.) Carter was sentenced in state court for a state law violation. As such, there is no remedy for a reduction in sentence under 18 U.S.C. § 3582, which applies to federal sentences. As such, the court denies Carter's motion for a reduction in sentence pursuant to 18 U.S.C. § 3582.

Therefore, after a thorough review of the record and the magistrate judge's Report and Recommendation, the court adopts the Report and Recommendation.

It is therefore

**ORDERED** that Carter's § 2254 petition, docket number 1, is summarily dismissed without prejudice and without issuance and service of process upon Respondent. It is further

**ORDERED** that Carter's motion for reduction in sentence, docket number 1, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Carter has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                s/Henry M. Herlong, Jr.
                Senior United States District Judge

Greenville, South Carolina
April 22, 2010

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.